**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CAROL JOHNSON,** *individually and as Administrator of the Estate and Surviving Spouse of* **EDWARD JOHNSON,** | |
| *Plaintiffs,* | **CIVIL ACTION NO.** |
| **v.** | **5:20-cv-00402-TES** |
| **ZOLL MEDICAL CORPORATION,** *et al.,* | |
| *Defendants.* | |

## ORDER GRANTING MOTION TO REMAND

Carol Johnson ("Johnson"), individually and as administrator and surviving spouse of Edward Johnson, sued defendants Zoll Medical Corporation ("Zoll") and Community Ambulance[1] in the State Court of Bibb County, Georgia.[2] [Doc. 1-1]. Zoll then removed this action to the United States District Court for the Middle District of Georgia. [Doc. 1]. After Zoll filed a Motion to Dismiss [Doc. 2], Johnson filed this Motion to Remand [Doc. 12] asking the Court to send this case back to the state court.

---

[1] Defendant H&CS Services, LLC operates under the name "Community Ambulance." *See* [Doc. 1-1, p. 3].

[2] Johnson also named John and Jane Does 1-10 as defendants. [Doc. 1-1, p. 1]. Zoll contends in its Notice of Removal, and Johnson does not dispute, that "Plaintiff's inclusion of fictional John and Jane Doe(s) 1–10 equally does not defeat federal jurisdiction, as those are merely nominal parties that, as admitted in Plaintiff's complaint, would be employees of ZOLL or [Community Ambulance] acting within the scope of their employment." [Doc. 1, p. 6].

As in all remand questions, the Court must decide if it has subject-matter jurisdiction to entertain the case. Zoll argues that the Court has subject-matter jurisdiction, and therefore it had the right to remove this case to this Court. Johnson, the plaintiff who filed this case in state court, argues that this Court lacks subject-matter jurisdiction so that it must remand this matter back to the State Court of Bibb County. For the reasons set forth below, the Court agrees with Johnson and **GRANTS** her Motion to Remand [Doc. 12].

## BACKGROUND

On September 15, 2018, Community Ambulance was transporting Edward Johnson when two things occurred that Plaintiff claims caused her husband's death. First, Johnson alleges her husband's LifeVest, meant to prevent fatal cardiac arrest, failed. Second, Plaintiff alleges that Community Ambulance employees failed to give Johnson an oxygen mask when he asked for it. [Doc. 1-1, pp. 1–2].

Johnson brings claims against Zoll for "complex strict liability, negligence, fraud, breach of warranty, and punitive damages . . . for, among other things, the design, manufacture, sale, and warnings" of its LifeVest. [Doc. 13, pp. 1–2]. Johnson also asserts negligence and wrongful death claims against Community Ambulance. [*Id*. at p. 2]; [Doc. 12-1, p. 5]; [Doc. 1-1, p. 22].

Johnson is a resident of Bibb County, Georgia. [*Id*. at p. 2]. Zoll is a foreign (meaning not a citizen of Georgia for diversity jurisdiction purposes) limited liability

2

company. [*Id.* at p. 3]. Community Ambulance is a Georgia limited liability company. [*Id.*].

## DISCUSSION

### A.   Removal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or defendants[] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, in order for this case to be properly removable, the Court must conclude it has "original jurisdiction" over it. *Id.*

Removal statutes are to be "construed narrowly with doubts resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2020). Further, "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Thus, on close questions, these cases clearly tell us that a tie (or even a close question) goes to the plaintiff. And, along those lines, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (citing *Scroggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984)).

Congress empowers federal courts with two types of subject-matter jurisdiction: federal question and diversity. Zoll does not argue that the Court has federal question jurisdiction under 28 U.S.C. § 1331. The sole issue here is whether Zoll satisfies the diversity jurisdiction requirements of 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1069 (11th Cir. 2000)). The parties do not dispute that the amount in controversy exceeds $75,000. The dispute here centers on §1332's complete diversity requirement. Johnson is a citizen of Georgia and Community is a citizen of Georgia. Therefore, on its face, Plaintiff's complaint lacks complete diversity, which would preclude removal to this Court.

### B.   Fraudulent Joinder Standard

However, due to the judge-made doctrine of "fraudulent joinder," the Eleventh Circuit recognizes an exception to the statutory requirement of complete diversity in three types of situations. *Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1359). The first is "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id*. (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433,

4

1440 (11th Cir. 1983) *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1540–41 (11th Cir. 1993)). The second is "when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citing *Coker*, 709 F.2d at 1440). And lastly, the third situation is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott*, 77 F.3d at 1360).

Zoll argues that Johnson's complaint falls under both the first and third types of fraudulent joinder. [Doc. 13, pp. 7–16].[3] Zoll must make such a showing by "clear and convincing" evidence. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006) (citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)[4]). The Court must "evaluate factual allegations in the light most favorable to the [P]laintiff and resolve any uncertainties about the applicable law in the [P]laintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Zoll's burden is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Estate of Carter v. SSC Selma Operating Co. LLC*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at *3 (S.D. Ala. June 23,

---

[3] To be clear, neither Zoll nor the Court is claiming or even entertaining the notion that Johnson has in any way committed "fraud" as that word is ordinarily used. In fact, the type of "fraudulent joinder" that involves actual fraud is the only type of fraudulent joinder that Zoll does not claim here.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2020) (quoting *Crowe*, 113 F.3d at 1538). In other words, Zoll has a tough procedural row to hoe.[5]

### 1.     "No Possibility" Test

Zoll falls short of proving the first type of fraudulent joinder, known as the "no possibility" test. "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (quoting *Coker*, 709 F.2d at 1440-41). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id*. In other words, a full-on motion-to-dismiss analysis is not required.

Zoll argues that Johnson fails to plead a valid cause of action against Community Ambulance because Johnson's complaint incorporates the wrong standard of care. [Doc. 13, pp. 7–9]. Specifically, Zoll argues that Johnson's claim is really a medical malpractice claim couched as a gross negligence claim. [*Id*. at p. 8]. Zoll argues that an expert standard of care is required for claims against medical professionals like the ones— employed by Community Ambulance—who failed to place the oxygen mask on

---

[5] As one court has noted, the "burden of showing fraudulent joinder is one of the heaviest burdens known to civil law." *Strange v. Crum Construction, LLC*, No. IP01-0789-C-H/G, 2001 WL 1160952, at *1 (S.D. Ind. Aug. 28, 2001). This Court hesitates to make such a bold claim; but, upon reflection, it cannot think of a more exacting standard in the civil law than this one.

Johnson. [*Id*. at p. 8 n. 5 (quoting *Bardo v. Liss*, 614 S.E.2d 101, 103 (Ga. Ct. App. 2005))].

The Court thinks those arguments are well-suited for a motion to dismiss. But the "no

possibility" test does not require this Court to definitively determine whether Johnson

properly stated a claim against Community Ambulance. Instead, applicable caselaw

requires only that Johnson's complaint *possibly* states a valid claim against Community

Ambulance. *Triggs*, 154 F.3d at 1287. With the rule that the Court must resolve any

doubt or uncertainty in the law in favor of Johnson in mind, the Court finds that it is at

least possible Johnson stated a valid gross negligence claim against Community

Ambulance for its employees not giving him oxygen when he asked for it. *Pacheco de*

*Perez*, 139 F.3d at 1380. The Court has no business delving any deeper into the merits of

Johnson's claims against Community Ambulance for the purposes of this analysis. *See*

*id*. at 1380–81 ("In a fraudulent joinder inquiry, 'federal courts are not to weigh the

merits of a plaintiff's claim beyond determining whether it is an arguable one under

state law.'" (quoting *Crowe*, 113 F.3d at 1538)). Instead, the Court is simply following

binding precedent that dictates the burden Zoll must overcome at this step of the

analysis is a heavy one, and that any uncertainty in the law must be resolved in

Johnson's favor. *Crowe*, 113 F.3d at 1538; *Pacheco de Perez*, 139 F.3d at 1380. Doing so, the

Court finds that Zoll fails to meet the requirements of the "no possibility" test.

## 2.    "Fraudulent Misjoinder" Test

The third type of fraudulent joinder goes by many names. Some courts call it "procedural misjoinder." *Tapscott*, 77 F.3d at 1360; *Stone v. Zimmer, Inc.*, No. 09-80252-CIV-HURLEY, 2009 WL 1809990, at *1 (S.D. Fla. June 25, 2009). Others call it "fraudulent misjoinder." *See Estate of Brockel by and through Brockel v. Purdue Pharma L.P.*, No. 17-00521-KD-MU, 2018 WL 3113912, at *4 (S.D. Ala. Feb. 27, 2018) (noting the interchangeability of the terms "procedural misjoinder" and "fraudulent misjoinder"). "Fraudulent misjoinder occurs 'when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other.'" *Estate of Carter*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at *2 (quoting *Estate of Brockel*, No. 17-00521-KD-MU, 2018 WL 3113912, at *4). "Fraudulent misjoinder has been described as involving 'a purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal, and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure.'" *Estate of Carter*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at *2 (quoting *Stone*, No. 09-80252-CIV-HURLEY, 2009 WL 1809990, at *2).

Courts recognize that "mere misjoinder under Rule 20" does not itself constitute "fraudulent misjoinder." *Estate of Carter*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at

8

*3. "Egregious" circumstances are required to make the leap from mere misjoinder to fraudulent misjoinder. *Id*. This gives rise to a two-step framework for determining whether this third type of fraudulent joinder is established. First, the Court considers whether joinder was appropriate under Rule 20. If the Court finds joinder inappropriate under Rule 20, then the Court considers whether such misjoinder is egregious. Judge Land sums it up nicely:

> The starting point for the analysis is whether the resident defendant could have been permissively joined in the action against the non-resident defendant. If permissive joinder is appropriate, then there obviously can be no fraudulent misjoinder; but as noted, a finding of improper joinder is not dispositive of fraudulent joinder. Instead, if permissive joinder is not appropriate, the Court must look closer to determine whether there is such a lack of connection between the claims that not only is joinder improper, but it is clearly or obviously so.

*Luke v. O'Hearn*, No. 4:13-cv-535-CDL, 2014 WL 1153786, at *2 (M.D. Ga. Mar. 20, 2014).

i.     *Rule 20 Test*

We start our "fraudulent misjoinder" analysis by considering whether Johnson properly joined his claims against Zoll and Community Ambulance under Rule 20. The "Federal Rules of Civil Procedure permit persons to be joined as defendants in a single action if: '(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.'" *Id*. (quoting FED. R. CIV. P. 20(a)(2)).

Johnson brings claims against Zoll for "complex strict liability, negligence, fraud, breach of warranty, and punitive damages . . . for, among other things, the design, manufacture, sale, and warnings" of its LifeVest. [Doc. 13, pp. 1–2]. Johnson also asserts negligence and wrongful death claims against Community Ambulance for failing to attach an oxygen mask to Johnson while Community Ambulance transported him. [*Id.* at p. 2]; [Doc. 12-1, p. 5]; [Doc. 1-1, p. 22]. Johnson argues that the "litigation will include common issues involving the events leading to and the circumstances surrounding Edward Johnson's death." [Doc. 14, p. 3]. Johnson goes on to say that both Zoll and Community Ambulance "were parties and actors to the same occurrence, the death of Edward Johnson. A question of fact common to all defendants will arise as to the percentage of fault for his death." [Doc. 12, pp. 3–4]. "In particular," argues Johnson, "the proximate cause of Edward Johnson's injuries will arise in both claims." [Doc. 14, p. 3]. Therefore, argues Johnson, "there exists joint, several, or alternative liability" and a common question of fact as to all defendants. [Doc. 12, p. 4]. Specifically, the question of what percentage each party is responsible for Johnson's death. [*Id.*].

Permissive joinder requires meeting the requirements of both Rule 20(a)(2)(A) and (B). Starting with Rule 20(a)(2)(A), the Court admits that it is a close call. Zoll's argument that Community Ambulance's actions pertaining to the oxygen mask and Zoll's actions related to the LifeVest product are separate and not transactionally related gives the Court reason for pause. But Johnson alleges that both parties' actions

contributed to his death. And the Court cannot say that Zoll proves by "clear and convincing" evidence that it has met its "heavy burden" of showing the parties' actions are not transactionally related. *Henderson* 454 F.3d at 1282; *Crowe*, 113 F.3d at 1538. After all, the alleged LifeVest failure and the oxygen deprivation all took place during the same ambulance ride.

Regarding Rule 20(a)(2)(B), the Court turns to Georgia's Apportionment Statute which provides that when "assessing percentages of fault, *the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages*, regardless of whether the person or entity was, or could have been, named as a party to the suit." O.C.G.A. § 51-12-33(c) (emphasis added); [Doc. 12, p. 3]. A plain reading of O.C.G.A. § 51-12-33(c) shows that the trier of fact in either Zoll or Community Ambulance's separate trials will consider "a question of law or fact common to all defendants"—the percentage of fault attributable to "*all* persons or entities who contributed to the alleged injury or damages." FED. R. CIV. P. 20(a)(2)(B); O.C.G.A. § 51-12-33(c).

Zoll's strongest case is *Stone v. Zimmer*, No. 09-80252-CIV, 2009 WL 1809990, at *1 (S.D. Fla. June 25, 2009). *See* [Doc. 13, pp. 14–15]. There, the plaintiff joined claims against the manufacturer of a hip implant device, which fractured after being implanted, and a physician who failed to diagnose the source of plaintiff's hip pain a year after the implant. The court agreed with the defendant that remand was inappropriate, recognizing fraudulent misjoinder. *Stone*, No. 09-80252-CIV, 2009 WL

11

1809990, at *1–5. The court found that the "joinder of the malpractice claim against Dr. Merson and the Pain Institute with the product liability claim against Zimmer is thus inappropriate because the[] claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability 'arising out of the same transaction, occurrence or series of transactions or occurrences.'" *Id*. at *4 (quoting FED. R. CIV. P. 20(b)).

But this case is distinct from *Stone* in several respects. First, in *Stone*, the implant of the allegedly defective medical device occurred a year prior to the failure to diagnose by the doctor (who, by the way, was not the doctor who implanted the hip device). Here, Johnson alleges that the LifeVest failure and the Community Ambulance employees not giving Johnson an oxygen mask all occurred during the same ambulance ride. Second, in *Stone*, the plaintiff was essentially suing for two separate injuries: the harm caused by the defective hip implant device, and the failure of the doctor to realize—a year later—that his patient had a fractured hip implant. Here, Johnson complains of one injury—her husband's death—and she names two parties as having caused his death. Further, related to the second point, *Stone* did not involve a wrongful death claim. Finally, the court in *Stone* did not consider the apportionment argument that Johnson raises here. Accordingly, it is much easier for a court to recognize fraudulent joinder when considering the facts of *Stone* than the facts Johnson alleges here.

   ii.  *Egregiousness Test*

  Even if Zoll could successfully show joinder under Rule 20 is inappropriate here, it cannot make the heightened showing of "egregious" fraudulent misjoinder. *Estate of Carter*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at *3. The very fact that it is arguably a close call whether there is mere misjoinder under Rule 20 is evidence enough to show that there is not "clearly or obviously" fraudulent misjoinder. *See Luke*, No. 4:13-cv-535-CDL, 2014 WL 1153786, at *2; *see also Bruner v. Am. Honda Motor Co., Inc.*, No. 15-00319-N, 2015 WL 5050050, at *4 (S.D. Ala. Aug. 25, 2015) (fraudulent misjoinder must be "so egregious" as to "border on a sham") (quoting *Tapscott*, 77 F.3d at 1360). Johnson points to two events that led to her husband's death during the September 15, 2018, ambulance ride: the LifeVest failure, for which she names Zoll as a defendant, and the failure to give him an oxygen mask, for which she names Community as a defendant. The Court is unable to view Johnson's decision to join Zoll and Community Ambulance as defendants in the same action as an egregious and "purposeful" attempt to defeat removal. *Stone*, No. 09-80252-CIV, 2009 WL 1809990, at *2.

## <u>CONCLUSION</u>

  Zoll fails to meet its burden of proving that Johnson fraudulently joined Community Ambulance to this action. Johnson's Motion to Remand [Doc. 9] is therefore **GRANTED**. Since there is a want of complete diversity, the Court lacks subject-matter jurisdiction over this case and **REMANDS** the case to the State Court of Bibb County.

Consequently, the Court also **TERMINATES** Zoll's pending Motion to Dismiss [Doc. 2].[6]

        **SO ORDERED**, this 8th day of December, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[6] Johnson asks the Court to award attorney fees and expenses as authorized by 28 U.S.C. § 1447(c). [Doc. 12-2, p. 7]. Because this is a close case, and because the Court believes Zoll's removal of this case and arguments against remand were made in good faith, Johnson's request for fees and costs is **DENIED**.